IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

—————————

No. 96-40210
Summary Calendar

—————————

RONALD M. HOENIG,

Plaintiff-Appellant,

versus

JAMES A. COLLINS, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL
DIVISION; HERBERT L. SCOTT, Senior Warden,

Defendants-Appellees.

—————————

Appeal from the United States District Court for the
Southern District of Texas
(G-94-CV-265)

—————————

July 29, 1996
Before GARWOOD, WIENER and PARKER, Circuit Judges.[*]

PER CURIAM:

Plaintiff-appellant Ronald M. Hoenig (Hoenig), a prisoner of

the State of Texas, proceeding *pro se* and *in forma pauperis*, filed

this civil rights action against James A. Collins, the Director of

—————————

[*]Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

the Texas Department of Criminal Justice (TDCJ), and Herbert L. Scott, the Senior Warden of the Ramsey One Unit, alleging a violation of his Eighth Amendment rights. Hoenig stated that a project was begun in October or November 1993 employing inmates to remove asbestos from the ceilings of the Ramsey One Unit where he was confined. The work area was separated from the remainder of the unit by a single sheet of plastic with a slit from top to bottom to provide access for workers and free airflow. Hoenig alleged that he has been exposed constantly to the asbestos, dust, and debris since the work began. He alleged he was housed approximately twelve feet from the work area and was required to walk within six inches of the sheet of plastic on his way to the shower, his work assignment, and the dining area. He alleged that the defendants had to know that the dust from the asbestos presents a risk of contracting asbestosis and mesothelioma and blatantly disregarded his health and safety by exposing him to a dangerous substance. Hoenig sought monetary damages and equitable relief.

In response to the magistrate judge's order to submit a more definite statement, Hoenig stated that for some time asbestos from the ceiling had fallen into his food. After the removal work began, prison officials did not provide protective gear, and he had no choice but to breathe the particles floating in the air. In his second response to the magistrate judge's interrogatories, Hoenig stated he was exposed to the class A carcinogen from 1992-1994, he had not been diagnosed with asbestosis, every inmate on the unit

was exposed, and he was retaliated against for seeking redress in the courts.

Hoenig filed a motion for a temporary restraining order/preliminary injunction and a supporting brief, alleging that prison officials retaliated against him for filing this lawsuit in the following manner: he was transferred several times from unit to unit far from his family, his legal materials were confiscated during each move, he had no access to a law library or mail room to mail his pleadings, and he was locked in a cell for 24 hours a day. Hoenig added that, even though he was a minimum security inmate, he was housed in a single cell surrounded by handcuffed, close-custody inmates; his movement and privileges were severely restricted; and he was deprived of medication for his heart. He feared for his safety and asked the district court to issue an order prohibiting these acts of retaliation.

The district court did not rule on Hoenig's motion, and approximately ten months later, Hoenig filed a second motion for injunctive relief. He reiterated his claims of retaliation through multiple transfers, punishment in administrative segregation without a hearing, deprivation of his legal materials, and loss of privileges. Hoenig feared for his safety and asserted that there was a real chance he would be injured or killed. He asked the district court to construe his allegations of additional violations, in particular the retaliation and denial-of-access-to-courts claims, as amendments to his complaint.

The magistrate judge determined that Hoenig did not allege that he was injured from his exposure to asbestos and that his allegations that he could suffer unspecified harm at a future date was not of constitutional magnitude. Further, Hoenig had not alleged that the defendants intentionally exposed him to asbestos to harm him. The magistrate judge recommended that the district court dismiss the case as frivolous.

Hoenig filed objections to the magistrate judge's report and recommendation. He countered the magistrate judge's determination that he had alleged no harm by referring to his more definite statement that he had developed a cough and that his liver test was two hundred points above normal. Moreover, Hoenig repeated that the defendants were responsible for the project and that the inmates would not have removed asbestos without the warden's knowledge. He asserted that he did not allege that the defendants affirmatively planned to expose him to asbestos; however, it was his belief that the defendants decided that they would not spend the money to do the job right because only convicted felons were affected.

The district court adopted the magistrate judge's report and dismissed the action with prejudice pursuant to 28 U.S.C. § 1915(d).[1]

---

[1]The district court stated that the claim had "no arguable basis in law and fact, and no realistic chance of ultimate success." The proper standard is no arguable basis in law or fact. *See Booker v. Koonce*, 2 F.3d 114, 115-16 (5th Cir 1993).

4

Hoenig asserts that he was exposed to solid asbestos and asbestos dust during its removal from his unit by other inmates. Relying on *Helling v. McKinney*, 509 U.S. 25 (1993) (a secondary smoke case), he contends that the exposure was of constitutional magnitude because asbestos is a class A carcinogen. Hoenig argues that the defendants had first hand knowledge concerning the removal of asbestos because the Director would have to approve the appropriation, and the warden would have to approve all maintenance work of that magnitude.

To determine if the Eighth Amendment has been violated, the court applies a subjective component to the deliberate indifference standard. *Helling* at 32. "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 114 S.Ct. 1970, 1984 (1994). To constitute an Eighth Amendment violation, such failure to take reasonable measure must be subjectively deliberately indifferent. *Hare v. City of Corinth*, 74 F.2d 633, 649-50 (5th Cir. 1996). Inmates are entitled to relief from threats to their safety; they "need not await a tragic event" in the future. *Helling*, 509 U.S. at 33.

In addition to the subjective factor, there is an objective factor. *Id.* at 35. The inmate must show that he himself is being

exposed to the substance. *Id.* Moreover, a violation of "the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure" to toxic substances. *Id.* at 36. "[T]he prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id.*

In light of *Helling*, Hoenig's Eighth Amendment claim that he was exposed to a risk of future harm is not facially "fanciful, fantastic, and delusional." *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). On the present record, it is not now possible to say that Hoenig's claim lacks any arguable basis in fact or law. While further development may well show that Hoenig will unarguably be unable to demonstrate the requisite deliberate indifference by Scott or Collins, or fail to meet some other required element of his claim, such a determination is premature on this record, as is a determination that Hoenig will be entitled to no prospective relief. Further development of the facts through a hearing of some sort—possibly one under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)—and/or a response by defendants is called for before dismissal would be appropriate.

Hoenig also asserts that the district court erred in dismissing his complaint without allowing him to amend his pleadings. He specifically wanted to include claims of 1)

6

retaliation through multiple transfers and segregated confinement for filing this and other actions and 2) denial of access to the courts through confiscation and loss of his legal materials. He contends that so many documents are missing he is no longer able to challenge his criminal conviction.

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." Fed. R. Civ. P. 15(a). The defendants were not served; therefore, Hoenig could exercise his right to amend automatically. *See Zaidi v. Ehrlich*, 732 F.2d 1218, 1219-20 (5th Cir. 1984).

The record at this stage does not reflect that all the claims Hoenig desired to add by amendment lack any arguable basis in law or fact. *See Lewis v. Casey*, No. 94-1511, June 24, 1996, 1996 WL 340797 (US); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir.), *cert. denied*, 476 U.S. 1117 (1986). Further development may show them to be deficient, either as to personal involvement of Scott or Collins or otherwise, but the district court never even addressed Hoenig's attempt to amend, and Hoenig was never afforded an opportunity to flesh these allegations out. *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994).

The district court's dismissal of Hoenig's suit is vacated as premature and the cause is remanded for further proceedings not

7

inconsistent herewith.[2]

VACATED and REMANDED

---

[2]Hoenig's motion in this Court for temporary restraining order and/or temporary injunction, a motion that was filed in the first instance in the district court but not acted on by it, is denied by this Court without prejudice to the district court's action on the similar motion before it; the district court on remand should expressly rule on such motion.